UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-61148-WILLIAMS

SECURITIES AND EXCHANGE COMMISSION,   )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )
                                       )
EDMOND L. LONERGAN and GREEN PLANET    )
GROUP, INC.,                           )
                                       )
          Defendants.                  )
_____)

### JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT EDMOND L. LONERGAN

The Securities and Exchange Commission having filed a Complaint, and Defendant Edmond L. Lonergan having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief as to Defendant Edmond L. Lonergan ("Judgment") without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

### SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND EXCHANGE ACT RULE 10b-5(a) AND (c)

**IT IS ORDERED AND ADJUDGED** that Lonergan is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(a) and (c), 17 C.F.R. § 240.10b-5(a) and (c), by using any means or instrumentality of interstate commerce, or of the

mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud; or

    (b)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, creating a false appearance or otherwise deceiving any person about the price or trading market for any security.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Lonergan's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Lonergan or anyone described in section (a) of this paragraph.

## II.

## PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Lonergan is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

### III.

### CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that, upon motion of the Commission, the Court shall determine whether it is appropriate to order a civil penalty pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and if so, the amount of civil penalty. In connection with the Commission's motion for civil penalty, and at any hearing held on such a motion: (a) Lonergan will be precluded from arguing he did not violate the federal securities laws as alleged in the Complaint; (b) Lonergan may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

### IV.

### OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, upon motion of the Commission, the Court shall determine whether it is appropriate to impose an officer and director bar on Lonergan pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. §78u(d)(2), and if so, the length. Lonergan further agrees that in connection with the Commission's motion for the imposition of an officer and director bar, and at any hearing held on such a motion: (a) Lonergan will be precluded from arguing that he did not violate the federal

securities laws as alleged in the Complaint; (b) Lonergan may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for the imposition of an officer and director bar, the parties may take discovery, including discovery from appropriate non-parties.

V.

**BANKRUPTCY NONDISCHARGEABILITY**

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Lonergan, and further, any debt for civil penalty or other amounts due by Lonergan under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Lonergan of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated with the same force and effect as if fully set forth herein, and that Lonergan shall comply with all of the undertakings and agreements set forth therein.

## VII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 19th day of July, 2016.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Copies to:
All counsel of record